Dear Ms. Rodriguez:
Our office received an opinion request from you concerning the adoption process for the Master Plan for the City of New Orleans. Your letter states that the City Planning Commission (Commission) has spent the last eighteen months developing a Master Plan for the City of New Orleans, a policy plan intended to guide decisions regarding the City's future development over the next twenty years. According to your opinion request, there is a perceived conflict between the revised statutes and the City of New Orleans Home Rule Charter (Charter) as to what entity has the authority to adopt the City's Master Plan, and you have asked for guidance as to which should prevail.
Your opinion requests points to La.R.S. 33:101 through La.R.S. 33:120, which authorize planning commissions to make and adopt plans for the physical development of the municipality or parish. On November 4, 2008, the citizens of New Orleans voted to amend Section 3-112 and Sections 5-401 through 5-412 of the Charter relative to the City Planning Commission and the City's Master Plan. Section 5-404 now provides that after the Master Plan has been completed, and all the public meetings and hearings have been held, the Commission shall forward the Master Plan to the City Council for adoption by ordinance.[1] *Page 2 
Your letter raises concerns about the fact that the revised statutes appear to give authority to the Commission to adopt the City's Master Plan, yet the Charter gives final authority for the adoption of the City's Master Plan to the City Council.
We note that the Charter was adopted prior to the 1974 Louisiana Constitution, and the constitutional provision describing the authority of the Charter is La.Const. art. VI, § 4:
Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
The powers granted to pre-1974 home rule charters are broader than those granted to home rule charters created subsequent to the adoption of the 1974 Louisiana Constitution. However, the powers of pre-1974 charters must be consistent with the Louisiana Constitution. See City of New Orleans v. Board of Commissioners ofthe Orleans Levee District, 93-0691 (La. 7/5/94);640 So.2d 237; Merritt McDonald Construction, Inc. v. Parishof East Baton Rouge, 98-1032 (La.App. 1 Cir. 5/14/99); 742 So.2d 564. As these cases also note, a conflicting state law is not preemptive unless it is "necessary to protect the vital interest of the state as a whole."City of New Orleans, 640 So.2d at 252; Merritt McDonaldConstruction, 742 So.2d at 570.
The power granted to the Council by the newly amended provisions of the Charter is consistent with La.Const. art. VI, § 17, which authorizes a local governmental subdivision to: *Page 3 
(1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures.
The newly amended provisions of the Charter are consistent with the Constitution, and will not be preempted by a conflicting state law unless such law is necessary to protect the vital interest of the state as a whole. Statutes which permit, but do not require, a parish or municipality to create a planning commission are not necessary to protect the vital interest of the state as a whole. Therefore, La.R.S. 33:101 through La.R.S. 33:120 are not laws passed pursuant to the police powers of the state.
In conclusion, it is the opinion of this office that in the event of a conflict between a law of general applicability and the Charter, the Charter would prevail, unless the state law is necessary to protect the vital interest of the state as a whole. For this reason, it is not necessary for this opinion to address whether or not there is an actual conflict between the Charter and the statutes in this particular case.
Your request also asks what happens if the Council fails to adopt the Master Plan via ordinance. A specific procedure is outlined in Section 5-404 of the Charter which imposes duties on both the Commission and City Council with respect to timelines within which the entities must act with regard to the Master Plan and its approval. If the City Council recommends a rejection or modification to the Master Plan, the Charter provides a process by which the Commission arranges for a public hearing and comment, and then provides the Council with a recommendation on the rejection or modification. If the City Council fails to act on the Master Plan as required in Section 5-404 of the Charter, the Master Plan initially submitted to the Council by the Commission shall be deemed adopted.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL By: __________________________ Assistant Attorney General JDC: EAB
[1] Subsection 1 of Section 5-404 of the Charter, titled "Preparation of the Master Plan," provides:
The City Planning Commission shall prepare the Master Plan. Prior to completion of the Master Plan, the Commission shall hold at least one public meeting for each planning district or other designated neighborhood planning unit to solicit the opinions of citizens that live or work in that district or planning unit; it shall also hold at least one public hearing to solicit the opinions of citizens from throughout the community. In addition, it shall take affirmative steps to involve neighborhoods in master planning activities and comply with the requirements of any neighborhood participation program that the City, pursuant to Section 5-411, shall adopt by ordinance. Each public hearing or meeting shall be duly advertised in a newspaper of general circulation at least fifteen (15) but not more than (45) forty-five days in advance. Upon completion of the public meetings and hearing(s) and completion of the Master Plan, and following the adoption of the plan by resolution, the Commission shall forward the Master Plan to the City Council for adoption by ordinance. Within ninety (90) days of its receipt, the Council shall adopt the Master Plan, reject it, or propose modification. If it rejects the plan, or proposes any modification, the Council shall refer it to the Commission for public hearing and comment. The City Planning Commission shall consider and provide a recommendation to the City Council on the rejection or modification within (60) sixty days of receipt from the City Council. The Council shall take final action within (45) days of receipt of the recommendation from the City Planning Commission. Should the City Council fail to act on the Master Plan as required by this section after its submission by the Planning Commission, or after a resubmission by the Commission after the Council has modified or rejected the Plan, the Master Plan initially submitted to the Council by the Commission shall be deemed adopted by the Council. Following the adoption by the City Council of that part of the Master Plan relating to the Major Street Plan, the Commission shall by resolution adopt and may so modify or extend regulations governing the subdivision of land.